FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

MAY 26 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIE JAMES TERRELL, JR., <br> GDC No. 0610258, <br>    Plaintiff, <br><br> v. <br><br> FULTON COUNTY, et al., <br>    Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | PRISONER CIVIL RIGHTS <br> 42 U.S.C. § 1983 <br><br> CIVIL ACTION NO. <br> 1:09-CV-513-TWT |

## ORDER AND OPINION

Willie James Terrell, Jr., is an inmate in the Fulton County Jail. Terrell filed a five-page Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. 1-1).[1] He appended to that complaint 52 additional pages of material (Doc. 1, Parts 2-8). Terrell also filed an Affidavit and Authorization for Withdrawal from Inmate Account (Doc. 2) and was granted leave to proceed *in forma pauperis* (Doc. 3). Terrell later filed another 135 pages of material (Doc. 4). For the reasons set forth below, Terrell's complaint must be dismissed.

---

[1] This is one of four civil rights actions that Terrell filed between December 30, 2008 and March 13, 2009. *See also Terrell v. Grady Mem'l Hosp.*, Civ. No. 1:08-CV-3931; *Terrell v. Fulton County Comm'rs Office*, Civ. No. 1:09-CV-243; and *Terrell v. Fulton County*, Civ. No. 1:09-CV-706.

Federal district courts must screen every "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A.

The Plaintiff has submitted 192 pages of documents as his complaint.[2] Terrell complains about the manner in which outgoing and incoming mail is handled at the Fulton County Jail.[3] Terrell intimates that his constitutional right of access to the courts might be infringed (Doc. 1-1 at 4). Terrell does not, however, allege that he has suffered any actual injury. As a result, Terrell lacks standing to maintain this lawsuit. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). "It

---

[2] Terrell's 192-page submission consists primarily of Terrell's grievances and the Fulton County Jail Grievance Office's responses (Doc. 1, Parts 2-8) and duplicates of material Terrell has filed in 1:08-CV-3931 (Doc. 4). Additional items include: a letter from an attorney in private practice declining to assist Terrell (Doc. 1-2 at 5), envelopes from the Federal Bureau of Investigation (Doc. 1-2 at 10), an envelope from the National Archives (Doc. 1-5 at 6), and Terrell's resume (Doc. 4-2 at 73).

[3] Terrell demands, among other things, that mail service at the Fulton County Jail be restructured in accordance with his extremely detailed instructions, "a federal investigation by the Public Corruption Unit, Postmaster General & Inspector General," and an award of monetary damages in the hundreds of millions of dollars (Doc. 1-1 at 4-5).

is the role of courts to provide relief to claimants, in individual or class actions, who have suffered, or will imminently suffer, actual harm; it is not the role of courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and the Constitution." *Id.* It is clear that Terrell believes he is "subject to a governmental institution that is not organized or managed properly." *Id.* at 350. It is equally clear that Terrell's belief does not afford him a basis to bring this § 1983 lawsuit. Terrell has failed to state any claim upon which relief may be granted. Terrell's complaint (Doc. 1-1) is **DISMISSED**. And Terrell's Application for Injunction by Restraining Order & Declaration (Doc. 5) is **DENIED** as moot.

**IT IS SO ORDERED**, this 22 day of May, 2009.

THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)